UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KEITH LEE JOHNS, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No. 1:10-cv-219 |
| ) | *Chief District Judge Curtis L. Collier* |
| SHERIFF TIM GOBBLE; ) | |
| CAPT. GABE THOMAS, ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Keith Lee Johns ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 1). Plaintiff's complaint alleges Defendants have denied him access to a law library and legal documents, and have refused to respond to request and grievance forms (Court File No. 1). For the reasons discussed below, the complaint will be **DISMISSED** *sua sponte* for failure to state a claim (Court File No. 1).

**I.     Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff, he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00 (Court File No. 3). Plaintiff, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff is an inmate in custody at the Bradley County Justice Center, in Cleveland, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Plaintiff is ordered to pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915 (Court File No. 3).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is **ORDERED** to submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

    (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

    (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Records at the Bradley County Justice Center, in Cleveland, Tennessee; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee, to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order **SHALL** become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff **SHALL** continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt

will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out

in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

### B. Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)

In addition, when considering a prisoner's civil complaint, the Court has the responsibility to screen the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. §§ 1915A and 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### III. Facts

Plaintiff claims "[n]umerous request[s] and grievances have been filled [sic] requesting law library or legal documents and nothing has been done. They won't even answer a request or grievience [sic] form. They have a request form and grievance form at this facility, but never answer them." (Court File No. 1, at 4).

4

## IV. Analysis

### A. *42 U.S.C. § 1983*

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997); *also see* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other corrections facility for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244; 42 U.S.C. § 1997e(e).

### B. *Identity of Defendants*

Plaintiff brings suit against the Sheriff Tim Gobble ("Sheriff Gobble") and Capt Gabe Thomas ("Capt. Thomas"). The complaint does not indicate whether the named defendants are being sued in their official capacities, individual capacities, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); Wells, 891 F.2d at 593-94.

Although it is preferred that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and

6

unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the instant case, Plaintiff failed to identify in what capacity he is suing Defendants. However, in the heading and the body of the complaint, Defendants are identified with their official titles (Court File No. 1). Furthermore, Plaintiff does not seek any monetary relief.[1] Thus, absent any clear indication in the complaint that either defendant is being sued in his individual capacity, the Court must assume Defendants are being sued in their official capacity. *Id.* at 772.

A claim against these defendants in their official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because the defendants have been sued only in their official capacity as employees of Bradley County, Tennessee, the Court must proceed as if Plaintiff has in fact sued Bradley County. Therefore, in order to prevail, Plaintiff must demonstrate the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker*

---

[1] Plaintiff does request access to a public law library and that the jail eliminate requests and grievances or answer them.

*Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiffs must identify the policy, connect the policy to the county itself, and show the particular injury was incurred because of the execution of that policy, all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted). Assuming Plaintiff is claiming it is the policy of Bradley County to deny inmates access to court and to refuse to respond to grievances and requests, he has not sustained any identified injury in relation to these claims.

Although the Court has concluded Plaintiff is not entitled to any relief on the denial of access to a law library claim and failure to respond to grievances against the defendants in their official capacity and the defendants are entitled to judgement as a matter of law, for the sake of thoroughness, the Court will explain why, even if Plaintiff is making a policy argument as to those two claims or intended to sue Defendants in their individual capacities, he has failed to alleged constitutional violations.

### C. *Claims*

Assuming Plaintiff is claiming the alleged violations regarding access to a law library and failure to respond to grievances and requests are the result of a policy or custom on the part of Bradley County or even assuming Plaintiff is suing Defendants in their individual capacities, as explained *infra*, he has failed to set forth any facts which support a claim that his constitutional rights were violated.

#### 1. *Access to Law Library*

Plaintiff claims he has been denied access to a law library. Although prisoners have a constitutional right to access to the courts, *Lewis v. Casey*, 518 U.S. 343 (1996), an inmate who is claiming he was denied access to court must "demonstrate that the alleged shortcomings in the

8

library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* at 351. Plaintiff has not made a showing that he has been hindered in his effort to pursue a non-frivolous legal claim. *See Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Therefore, based on the record before the Court, Plaintiff's allegation that he has been denied access to a law library does not give rise to a constitutional deprivation as he has not shown that he was denied access to court by actually being "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. at 351. Plaintiff has failed to demonstrated any prejudice to any litigation. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, he has failed to demonstrate a constitutional violation.

### 2. *Failure of Defendants to Respond to Requests/Grievances*

Plaintiff contends Defendants did not respond to his requests and grievances. Prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), but state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, a plaintiff cannot raise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Al-Hizbullahi v. Nimrod*, 122 Fed.Appx. 349 (9th Cir. Feb. 10, 2005), *available at* 2005 WL 319403 ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure"); *Mann v. Adams*, 855

F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure (citations omitted)).

Since a prisoner does not have a constitutional right to an effective or responsive grievance or request procedure, Plaintiff cannot support his § 1983 claim on the grounds that the defendants were unresponsive to his grievances and requests. Accordingly, since Plaintiff does not have a constitutional right to receive a response to his requests and grievances, Defendants alleged failure to respond does not give rise to liability under § 1983.

**V.  Conclusion**

For all the foregoing reasons, Plaintiff's § 1983 claims of denial of access to a law library and failure to respond to grievances and requests fail to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915A and 1915(e). Accordingly, the complaint will be *sua sponte* **DISMISSED WITH PREJUDICE.**

An appropriate judgment order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**